IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL ROBERT O'DELL,**

        **Plaintiff,**

**v.**                       //      **CIVIL ACTION NO. 1:15CV63**
                                           (Judge Keeley)

**CMH HOMES, INC., d/b/a
CLAYTON HOMES BUCKHANNON, WV,
a corporation, VANDERBILT
MORTGAGE & FINANCE, INC., a
corporation, and BETTY LANHAM,
an individual,**

        **Defendants.**

       **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT VMF'S
        MOTION TO DISMISS OR FOR SUMMARY JUDGMENT  [DKT. NO. 5]**

    Pending before the Court is the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by the defendant, Vanderbilt Mortgage & Finance, Inc. ("VMF") (Dkt. No. 5). VMF argues that the claims of the plaintiff, Daniel O'Dell ("O'Dell"), are barred by the rule against claim splitting due to the pending debt-collection action filed by O'Dell against VMF in the Circuit Court of Marion County, West Virginia. For the reasons that follow, the Court **DENIES** VMF's motion.

                              **BACKGROUND**

**A.     Factual Background**

    As it must, the Court will recite the evidence in the light most favorable to the non-movant. World Fuel Servs. Trading, DMCC

v. Hebei Prince Shipping Co., Ltd., 783 F.3d 507, 512 (4th Cir. 2015).

In the spring of 2013, O'Dell, a West Virginia resident, purchased a mobile home to live in with his girlfriend and two children. Although defendant CMH Homes, Inc. ("CMH") sold O'Dell the home and brokered the financing, it assigned the financing contract to defendant VMF, an "affiliate" of CMH.

O'Dell obtained and prepared land for the mobile home, purchased hazard insurance, and made a down payment to CMH. Defendant Betty Lanham, whom O'Dell believed to be a lawyer, conducted the closing, at which O'Dell signed final documents, including a final credit application and a document that placed a lien on his land and home in favor of VMF. O'Dell claims that he did not understand the content of those documents, or that the final purchase price reflected in the documents did not match the price on which he had relied.

When O'Dell and his family moved into their home in November 2013, they discovered numerous defects, which caused O'Dell to file a complaint with the West Virginia Manufactured Safety and Standards Board ("the Board"). Despite the fact that the Board issued a letter of correction to CMH, CMH never cured the defects.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
VMF'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 5]**

In January 2014, O'Dell contacted VMF to inform it that he would be making his monthly payment five days late because he had to pay an attorney for a family matter. Although it was O'Dell's belief that he would not be assessed a late fee unless his payment was fifteen days late, VMF told him he would be assessed a fee, and also that it could not speak with him because he had retained an attorney. VMF then unilaterally restricted access to O'Dell's online account, and denied his attempts to make payments via the telephone. It also sent billing statements reflecting O'Dell's indebtedness to his family law attorney without his authorization, and made an unauthorized escrow advance to pay taxes on property O'Dell dis not own, imposing the costs to his account.

**B.   Procedural Background**

On October 6, 2014, O'Dell sued VMF in the Circuit Court of Marion County, West Virginia ("the debt-collection case"). (Case 14-C-297; Dkt. No. 11-1 at 3). His complaint stipulated that the amount in controversy was below $75,000 and "expressly waiv[ed] any recovery above this amount." (Dkt. No. 6-2 at 1). On February 3, 2015, O'Dell filed an amended complaint to clarify facts supporting his claims (Dkt. No. 6-2). The majority of O'Dell's claims arise

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
VMF'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 5]**

under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101, *et. seq.* ("WVCCPA"), and include the following:

- **Count One:** Illegal Servicing
- **Count Two:** Illegal Servicing (Late Fees)
- **Count Three:** Failure to Provide Statements of Account
- **Count Four:** Illegal Servicing (Unauthorized Escrow Advance)
- **Count Five:** Unreasonable Publication of Indebtedness
- **Count Six:** Breach of Contract

(Dkt. No. 11-1 at 4-6).

Following this, O'Dell filed a second lawsuit (the instant suit) in the Circuit Court of Marion County, West Virginia, on February 9, 2015, naming CMH, VMF, and Lanham as defendants (Dkt. No. 1-4). Shortly thereafter, on February 25, 2015, O'Dell amended his complaint to allege that the defendants had induced him into purchasing and financing a defective mobile home. Id. The amended complaint includes the following claims:

- **Count One:** Unconscionable Inducement
- **Count Two:** Illegal Transaction
- **Count Three:** Fraud
- **Count Four:** Unauthorized Practice of Law

4

- **Count Five:** Joint Venture and Agency

- **Count Six:** Breach of Warranty

- **Count Seven:** Unlawful Imposition of Property Insurance

(Dkt. No. 1-1 at 9-14).

On April 10, 2015, CMH removed the second suit to this Court based on diversity of citizenship (Dkt. No. 1 at 2). Co-defendants VMF and Lanham consented to the removal. After removal, CMH and Lanham each answered the amended complaint (Dkt. No. 4, 7), but VMF filed the pending motion, arguing that O'Dell's complaint is barred because he impermissibly split his claims between this case and the debt-collection case pending in the Circuit Court of Marion County (Dkt. No. 6 at 1, 5-6).

In his response to the motion, O'Dell denied any impermissible claim splitting. He asserted that the facts and injuries involved in each of his cases are separate and distinct (Dkt. No. 11 at 12-17, 19). VMF, on the other hand, contended that "the claims that [O'Dell] seeks to bring against VMF could have been brought in his initial lawsuit against VMF." (Dkt. No. 18 at 1). The motion is fully briefed and ripe for review.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
VMF'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 5]**

**LEGAL STANDARD**

**A.   Motion to Dismiss**

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. Zak v. Chelsea, 780 F.3d 597, 601 (4th Cir. 2015)(citing Matrix Capital Mgmt. Fund, LP v. Bearing Point, INC., 576 F.3d 172, 176 (4th Cir. 2009)). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no dispute issue of fact." Q Intern. Courier Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006). Accordingly, the Court will take judicial notice of the state court proceeding.

**B.   Summary Judgment**

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a), (c)(1)(A). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of

whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

## ANALYSIS

The question presented is whether O'Dell's claims against VMF in his federal case are barred by the rule against claim splitting because O'Dell has an action against VMF for illegal debt-collection pending in the Circuit Court of Marion County. VMF advances two arguments in support of its assertion that O'Dell's claims are barred by the rule against claim splitting. First, it contends that the claims in this action arise out of the same

transaction as O'Dell's debt-collection action. Second, it asserts that the claims O'Dell seeks to bring against VMF in this action could have been brought in the debt-collection action (Dkt. No. 6 at 4, 6).

When addressing an issue of "simultaneous actions on related theories, courts at times express principles of 'claim splitting' that are similar to claim preclusion, but that do not require a prior judgment." 18 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 4406 (Supp. 2012). This doctrine, however, has not been extended to apply to parallel state and federal actions. As a general rule, the mere existence of a pending parallel action in the state system will not bar proceedings regarding the same matter in a federal court, "despite what may appear to result in a duplication of judicial resources." <u>McLaughlin v. United Va. Bank</u>, 955 F.3d 930, 934 (4th Cir. 1992). <u>See</u> <u>also</u> <u>Exxon Mobile Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."); <u>Great American Ins. Co. v. Gross</u>, 468 F.3d 199, 205 (4th Cir. 2006) (parallel state and federal actions may proceed to judgment until one becomes preclusive of the other).

Accordingly, claim splitting is not an applicable theory when the "contemporaneous exercise of concurrent jurisdiction" is between a state court and a federal court. Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 92-93 (2d Cir. 2013).[1] The plaintiff in Kanciper had parallel actions pending in state and federal court. After the district court dismissed the plaintiff's federal claim pursuant to the rule against claim splitting, the Second Circuit, on appeal, concluded that, because the previously filed case had been filed in state court, the district court's application of the rule against claim splitting was in error. Id. at 91. Here, O'Dell has one action pending in this Court and another pending in state court. Pursuant to Kanciper's persuasive authority, the Court rejects VMF's argument that claim splitting bars O'Dell's federal litigation.

VMF also attempts to characterize O'Dell's federal case as impermissible claim splitting because of its similarities to the illegal debt-collection action pending in state court. As noted

---

[1] See also Sensormatic Sec. Corp. v. Sensormatic Elec. Corp., 273 F. App'x 256, 265 (4th Cir. 2008) (per curiam) (dismissing plaintiff's claims under claim splitting theory because duplicative actions were in the same district court at the same time).

above, however, claim splitting is inapplicable to parallel state and federal actions.[2]

In conclusion, because O'Dell has not impermissibly split his claims, the Court **DENIES** defendant's VMF's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 5).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: July 1, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] In a case involving parallel state and federal actions, the proper inquiry is whether abstention under the Colorado River doctrine is appropriate. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). That issue, however, has not been raised by the parties and is not before this Court.